Miller, P. J.
The first objection urged to the indictment is, that it is defective because it does not state the *542 number of-the Inspectors of the election to be held. It alleges that “ the board being then and there duly authorized to administer an oath,’'’-Ac., and that Burns being sworn, &c., did commit perjury. XJXthink that the general allegation of jurisdiction to administer the oath is sufficient, without stating in detail the nam\es or the number of the inspectors who constituted the 'board. Even if. there might be some doubt upon the question whether all the facts showing jurisdiction should be specifically stated, if'this point was presented for the first time, y<qt the authorities hold, as I understand, that a general Averment of jurisdiction is sufficient, in an indictment for perjury. In The People v. Phelps, (5 Wend. 9,) it was held that in an-indictment for perjury, by an, insolvent debtor, on\the oath taken by him in presenting his petition, &e., it is riot necessary to set forth the facts to show jurisdiction, as . done in civil cases; but that it is enough to aver, gen-x erally, that the officer had lawful and competent authority to administer the oath. The specific objection was takeé® that the indictment was defective in this respect, and it was held that an averment of the court’s authority to administer the oath was sufficient. In Campbell v. The People, (8 Wend. 636,) it was decided that in an indictment for perjury, against a person voting at an election, an averment that he was sworn by and before the board of inspectors, is a sufficient averment that the oath was administered by the board, and that it would be enough to allege that-he took the oath before the board, they being duly authorized to administer it. - Although thexdistinct point now made was not taken, yet the case involved the very question which now arises ; and the form of the indictment is similar to the one in the case at bar, in its leading characteristics. In The People v. Tredway, (3 Barb. 470,) it was held that it was not necessary to set forth facts, in the indictment, sufficient- to show that the officer who entertained the proceedings had jurisdiction *543 to administer the oath; and the same principle was asserted, and the cases last cited followéd. These authorities are conclusive.
The second objection, that the indictment does not state that the inspectors were acting for the second ward, comes within the same principle, and must fall with' the first one.
As to the third objection, to the effect that the indictment does not show the manner and form in which the oath was administered, I think it is not well taken. It avers that Burns was “ duly sworn, and did take his corporal oath;” and I think this embraces all that is required in the statute. It means that Burns was sworn according to the law applicable to such a case. It was not necessary to specify the particular mode in which the prisoner was sworn, or the particular oath which he took; and á general averment that he was duly sworn is enough. (See Tuttle v. The People, 36 N. Y. 436, and cases cited.)
The fourth objection—that the indictment does not show upon its face that the oath required by the statute was administered to the defendant, or that he falsely swore to any part thereof—is also unavailable. The indictment avers that he was duly sworn; that is, lawfully, and according to the statute applicable to such a case; that he took his corporal oath before the board; which means that the proper oath was administered to him; and that he falsely swore that he had not voted. In Campbell v. The People, it was held that it was not necessary to set out the whole oath; and that such parts as are alleged to be false, and are material, in a given case, are all that is requisite. The portion of the indictment embraced in the fourth objection was within this rule, and entirely sufficient.
The remarks made as to the first and second objections are applicable to the fifth. The averment that a general election was held pursuant to the laws and constitution of the State, before a board ■ of inspectors legally constituted *544 and authorized according to law, was sufficient, I think, without stating that the place had been legally appointed.
The sixth objection relates to the assignment of the perjury. The false oath alleged was that the prisoner had sworn that he had not voted at the election. The assignment was that he had voted previously at the fourth ward, “at the house of Thomas L. Wasson, in said ward,” without stating that he voted before a board of officers duly constituted and authorized, according to law, or that any lawful election had been appointed, or was held, at the place named. The rule is, that assignments of perjury must be made by special averment negativing the oath; a general allegation that the defendant swore false, is not enough. (1 Arch. Crim. Plead. 538, § 297, 4th Am. ed.) If the assignment had stated that the defendant had previously voted at the election, clearly it would not have been sufficient; as such an averment is not specific, and does not show that he had voted at an election unlawfully held, and does not furnish the defendant full information as to the character of the charge made. If the defendant had voted at the place named, and there was no authority to, hold the election there, and no officers authorized by law to receive the vote, clearly the oath afterwards made would not constitute a willful perjury. The assignment of the perjury is too general and uncertain, and is not explicit enough, to support itself or to show that the defendant committed the crime. (Clark v. The People, 2 Lansing; 329, 331.) It is no answer to this view of the subject to say that he could not have voted as alleged at the place named, unless it was the legally appointed and duly constituted place for holding the election, or unless a legal election was held there. In the absence of any averment to that effect, it is not to be inferred, I think, that the election was lawfully held at the place named. It may have been held there without authority, and in violation of law, and as the contrary does not appear, the indictment does *545 not present an intelligible story from which it appears that the crime of perjury has been committed. It is clearly defective in this respect, and for this reason cannot be upheld. The defect is a substantial one, and not merely formal, and is not obviated by the statute of jeofails. (1 R. S. 728, § 52.) The indictment does not contain the substance of the offense, with the circumstances necessary to render it intelligible, and inform the defendant of the allegations against him. (5 Wend. 20. 8 Barb. 552. 22 N. Y. 150. 6 id. 52.)
By reason of the defect named, the conviction must be reversed.
Parker, J., concurred.